EUGENE G. IREDALE, ESQ. (SBN 75292)
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525  FAX: (619) 233-3221
Attorney for Plaintiff, SKYE VALENTINEZ, by and through her guardian *ad litem*, Angela Ruiz

GUADALUPE VALENCIA, ESQ. (SBN: 197831)
105 West F Street, Suite 309
San Diego, CA 92101-6036
TEL: (619) 232-2588  FAX: (619) 232-2158
Attorney for Plaintiff, ESTATE OF GERARDO VALENTINEZ

FILED
08 APR 29 PM 3:56
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

'08 CV 0781 BEN WMc

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF GERARDO VALENTINEZ, by its personal representative GLORIA SERRANO OLIV VALENTINEZ, and SKYE VALENTINEZ, an individual and minor, by and through her guardian *ad litem*, ANGELA RUIZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA and DOES 1-20, INCLUSIVE,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>(1) <u>Bivens</u> ACTION: EXCESSIVE FORCE<br><br>(2) <u>Bivens</u> ACTION: WRONGFUL DEATH<br><br>(3) RIGHT OF ASSOCIATION<br><br>(4) WRONGFUL DEATH CCP 377.60<br><br>(5) FAILURE TO PROPERLY INVESTIGATE COMPLAINT<br><br>(6) ASSAULT AND BATTERY<br><br>(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>(8) NEGLIGENCE<br><br>(9) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>JURY TRIAL IS HEREBY DEMANDED |

1

COME NOW, the ESTATE OF GERARDO VALENTINEZ, through its personal representative, Gloria Serrano Oliv Valentinez, by its attorney of record, Guadalupe Valencia and SKYE VALENTINEZ, an individual and minor, through her guardian *ad litem* Angela Ruiz, by her attorney of record, Eugene G. Iredale and allege and complain as follows:

## I.
## GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1346(b)(1), et. seq.

2. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

3. Plaintiff's claim under the Federal Tort Claims Act was timely filed on September 15, 2007. By operation of law, the claim is now deemed to have been denied.

4. Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego, California.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. At all times relevant to this complaint, Plaintiffs were individuals residing in San Diego County, California.

7. At all times relevant to this complaint, the Department of Homeland Security was a federal agency of defendant UNITED STATES OF AMERICA and was operating in San Diego County, California.

8. Plaintiffs is truly ignorant of the true names and capacities of DOES 1 through 20, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

9. These defendants were agents, servants and employees of each other of the other

named defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants and each of the defendants had approved or ratified the actions of the other defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## II.
## FACTS

10. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

11. On March 27, 2007, Mr. Valentinez was detained after crossing the border into the United States at San Ysidro.

12. At one point, there were four or five officers employed by DHS on top of Mr. Valentinez.

13. During the arrest, one officer, DOE 1, jumped on Mr. Valentinez' back and got him in a headlock.

14. DOE 1 heard Mr. Valentinez gag as though he could not breath.

15. This same officer then placed his right boot on Mr. Valentinez's neck near his chin, and pushed down on it hard.

16. The more Mr. Valentinez struggled to get the weight off of his back, the more pressure the DOE 1 put on him.

17. Doe 1 then moved his foot from Mr. Valentinez's neck. Another agent, Doe 2, then placed her foot on Mr. Valentinez's neck while Doe 1 put his knee on Mr. Valentinez's head.

18. Doe 3 then used a pressure point compliance in which he applied pressure under Mr. Valentinez' jaw area.

19. At this point, Mr. Valentinez stopped breathing and moving.

20. According to the defendants, Mr. Valentinez was unconscious and "you could see his eyes roll back. After that he totally just went limp."

21. Approximately six to eight officers were involved in detaining Mr. Valentinez and the arrest took between four to eight minutes, much of which involved great amount of weight being placed on Mr. Valentinez' back and neck.

22. While completely unconscious, Mr. Valentinez was handcuffed behind his back and leg-irons were used to shackle his legs.

23. Defendants then wrapped a leather dog-leash around his ankles and looped through his cuffed arms to hobble his legs for maximum restraint.

24. The leather dog leash was clipped such that it brought his legs up to about a 90 degree angle behind him.

25. Defendants then lifted Mr. Valentinez into a golf cart. He was not moving.

26. No defendant attempted CPR at this time.

27. Mr. Valentinez was transported to a holding area in the golf cart.

28. Defendants noted that Mr. Valentinez was unconscious.

29. He was carried to one cell where Defendants noted he "did not appear to be responsive."

30. His ankle restraints were removed.

31. Minutes passed.

32. Then Defendants dragged the unconscious, nonresponsive Mr. Valentinez on the floor to another cell where they removed his handcuffs.

33. At this point, after Mr. Valentinez did not react to smelling salts and his pupils were becoming fixed. CPR was finally started and 9-1-1 called.

34. Mr. Valentinez had suffered multiple blunt force injuries including multiple abrasions and contusions of the face, scalp and body.

35. Mr. Valentinez was declared dead with the cause of death being determined "neck compression and prone restraint" and the manner of death being homicide.

36. Mr. Valentinez is survived by his daughter, Skye Valentinez.

### FIRST CAUSE OF ACTION
(Excessive Force: *Bivens* Action
[Against Defendants DOES 1 through 20]

37. Plaintiffs incorporate the allegations contained in paragraphs one through thirty-five (35) by reference.

38. This cause of action is based upon *Bivens v. Six Unknown Federal Narotic Agents* 403 U.S. 388 (1971).

39. Defendants deprived Mr. Valentinez of his Fourth Amendment right to be free of excessive force.

40. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and actually caused Plaintiff to suffer emotional distress, pain and suffering, damage to reputation and further damages according to proof at the time of trial.

41. The conduct alleged herein also amounts to oppression, fraud or malice under federal law; justifying the award of exemplary damages against defendants in an amount according to proof at the time of trial in order to deter the defendant from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiff is also entitled to attorney fees and costs of suit herein.

### SECOND CAUSE OF ACTION
(Wrongful Death: *Bivens* Action
[Against Defendants DOES 1 through 20]

42. Plaintiffs incorporate by reference the allegation of paragraphs one through forty-one (41).

43. Defendants and DOES 1-20, inclusive, acting under color of state law, committed wrongful acts which proximately caused the death of Gerardo Valentinez. Specifically, the defendants and DOES 1-20, inclusive, deprived Gerardo Valentinez of his rights under the United States Constitution to be free from the use of excessive force by law enforcement and punishment without due process.

44. These acts resulted in the death of Gerardo Valentinez.

45. By these acts, the defendants violated Gerardo Valentinez' constitutional rights to be free from excessive force, punishment without due process of law, cruel and unusual punishment, and all rights guaranteed under the Fourth and Fourteenth Amendments.

46. The officers used excessive force as alleged above against Gerardo Valentinez, with a purpose to cause harm that is unrelated to the legitimate use of force. The force was used to make Gerardo Valentinez suffer and to punish him. The force used was unreasonable and performed with a deliberate indifference to the safety and welfare of Gerardo Valentinez.

47. The deprivation of the rights alleged above has destroyed the Constitutional rights of SKYE VALENTINEZ to the familial love, society and companionship of her father Gerardo Valentinez protected by the substantive due process clause of the Fourteenth Amendment.

48. The conduct alleged herein violated Gerardo Valentinez' rights alleged above thereby resulting in a deprivation of Plaintiffss' rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

THIRD CAUSE OF ACTION
Right of Association
[By Plaintiff SKYE VALENTINEZ
against all defendants]

49. Plaintiffs incorporate by reference the allegation of paragraphs one through forty-eight (48).

50. Defendants and DOES 1-20, inclusive, acting under color of state law, deprived Gerardo Valentinez of his rights under the United States Constitution to be free from the use of excessive force by law enforcement and punishment without due process.

51. By these acts, the defendants violated Gerardo Valentinez' constitutional rights to be free from excessive force, punishment without due process of law, cruel and unusual punishment, and all rights guaranteed under the Fourth and Fourteenth Amendments. The

1  improper and unjustified use of deadly force used was unreasonable and excessive and performed
2  with a deliberate indifference to the safety and welfare of Gerardo Valentinez.
3      52.    The deprivation of the rights alleged above has destroyed the Constitutional rights
4  of his daughter SKYE VALENTINEZ to the familial love, society and companionship of her
5  father which is protected by the substantive due process clause of the Fourteenth Amendment.
6      53.    The conduct alleged herein violated Gerardo Valentinez' rights alleged above
7  thereby resulting in a deprivation of plaintiffs' rights alleged above which has legally,
8  proximately, foreseeably and actually caused Plaintiffss to suffer emotional distress, pain and
9  suffering, and further damages according to proof at the time of trial.

## FOURTH CAUSE OF ACTION
### (Wrongful Death: CCP 377.60
### [Against Defendants DOES 1 through 20]

14   54.    Plaintiffs incorporate by reference the allegation of paragraphs one through fifty-
15  three (53).
16   55.    Mr. Valentinez' death was caused, in whole or part, by the conduct of the
17  defendants.
18   56.    Defendants were negligent or deliberately indifferent in causing Mr. Valentinez'
19  death.
20   57.    Mr. Valentinez is survived by his child, Skye Valentinez.
21   58.    Monetary damages have resulted from Mr. Valentinez' death including but not
22  limited to loss of support, services, lost prospect of inheritance, medical and funeral expenses and
23  interest from the date of Mr. Valentinez' death.

## FIFTH CAUSE OF ACTION
### (Constitutionally Inadequate System of Investigation of Complaints by Citizens of Wrongdoing )
### [Against All Defendants and DOES 1 through 20]

27   59.    Plaintiffs incorporate by reference the allegations of paragraphs one through fifty-
28

eight (58).

60. Officials of the Department of Homeland Security, acting under color of law, have subjected plaintiff and other persons similarly situated to a pattern of conduct consisting of continuing, widespread and persistent pattern of unconstitutional misconduct.

61. Defendants have failed to properly investigate complaints of excessive force.

62. Defendants have a widespread history of ratifying use of excessive force by failing to conduct appropriate investigations into police misconduct.

63. Defendants knew and/or should have known that officers were violating peoples' constitutional rights by using excessive force.

64. Faced with such information, Defendants refused to investigate the matter and/or took no remedial steps or action against the Homeland Security agents.

65. There has been an official policy of acquiescence in the wrongful conduct. Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations

66. As a result of the Defendants' historical failure to properly investigate complaints of police misconduct Defendants were deliberately indifferent to the needs of Plaintiff. The failure to investigate was the moving force behind the use of force on the Plaintiff and the resulting pain and suffering.

## SIXTH CAUSE OF ACTION
### Assault and Battery
### [Against All Defendants and DOES 1-20]

67. Plaintiffs incorporate by reference the allegations of paragraphs one through sixty-six (66).

68. The Defendants, and each of them, acted with an intent to cause harmful or offensive contact with the person of Plaintiff and the intended harmful or offensive contact did in fact occur.

69. The harmful or offensive contact was not privileged nor consented to and was

1  excessive, unreasonable and done with deliberate indifference to the rights and safety of Plaintiff
2  and was done with the intent to inflict punishment, above and beyond the reason for using the
3  force in the first place.

4      70.    As a result of the defendants' intent to cause harmful or offensive contact with the
5  person of Plaintiff and the fact that the intended harmful or offensive contact did in fact occur,
6  Plaintiff has suffered damages according to proof at the time of trial. Said damages are currently
7  in excess of the jurisdictional minimum of this court and include general and special damages
8  according to proof at the time of trial.

9      71.    The conduct of Defendants also amounts to oppression, fraud or malice under
10 federal law and punitive damages should be assessed against each defendant for the purpose of
11 punishment and for the sake of example.

### SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### [Against All Defendants and DOES 1-20]

15     72.    Plaintiffs incorporate by reference the allegations of paragraphs one through
16 seventy-one (71).

17     73.    By engaging in the acts alleged herein, the defendants engaged in outrageous
18 conduct with an intent to or a reckless disregard of the probability of causing Plaintiffs to suffer
19 emotional distress.

20     74.    As a direct, proximate and foreseeable result, Plaintiffs suffered severe emotional
21 distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiffs.

22     75.    The conduct of defendants also amounts to oppression, fraud or malice under
23 federal law and punitive damages should be assessed against each defendant for the purpose of
24 punishment and for the sake of example.

### EIGHTH CAUSE OF ACTION
### Negligence
### [Against All Defendants and DOES 1-20]

27     76.    Plaintiffs incorporate by reference the allegations of paragraphs one through

1  seventy-five (75).

2      77.    Defendants had a duty to Plaintiffs to act with ordinary care and prudence so as
3  not to cause harm or injury to another.

4      78.    By engaging in the acts alleged herein, the Defendants failed to act with ordinary
5  care and breached their duty of care owed to Plaintiffs.

6      79.    As a direct, proximate and foreseeable result of the Defendants breach of their duty
7  of care, Plaintiffs suffered damages in an amount according to proof at the time of trial.

### NINTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### [Against All Defendants and DOES 1 through 20]

10      80.    Plaintiffs incorporates by reference the allegations of paragraphs one through
11  seventy-nine (79).

12      81.    By engaging in the acts alleged herein, the Defendants engaged in negligent
13  conduct causing Plaintiffs to suffer serious emotional distress.

14      82.    As a direct, proximate and foreseeable result, Plaintiffs suffered serious emotional
15  distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiffs.

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

WHEREFORE, Plaintiffs pray as follows:

1. For general and special damages according to proof at the time of trial;

2. For costs of suit and interest incurred herein,

3. For punitive damages, and

4, Any further injunctive or declaratory relief this court deems just and proper, including an injunction requiring the institution of appropriate screening and hiring procedures, proper training procedures, appropriate supervision and discipline procedures and prohibition of the unjustified use of force because of their expression of complaints, and finally an order requiring the establishment of an effective, honest and good-faith system for the investigation of complaints of brutality by officers of the Department of Homeland Security.

DATED: April 29, 2008

Respectfully submitted,

**LAW OFFICES OF EUGENE G. IREDALE**

EUGENE G. IREDALE
Attorney for Plaintiff
SKYE VALENTINEZ, by and through her guardian *ad litem*, Angela Ruiz
105 West F St., Fourth Floor
San Diego, CA 92101
(619) 233-1525

**LAW OFFICES OF GUADALUPE VALENCIA**

GUADALUPE VALENCIA
Attorney for Plaintiff
ESTATE OF GERARDO VALENTINEZ, by and through its personal representative Gloria Serrano Oliv Valentinez
105 West F St., Third Floor
San Diego, CA 92101
(619) 232-2158

```
            UNITED STATES
            DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
               SAN DIEGO DIVISION

         # 150345      - MB

           April 29, 2008
             15:57:36


           Civ Fil Non-Pris
    USAO #.: 08CV0781 CIVIL FILING
    Judge..: ROGER T BENITEZ
    Amount.:              $350.00 CK
    Check#.: BC1662



           Total->  $350.00



    FROM: ESTATE OF GERARDO
          VALENTINEZ AND SKYE VALENTINEZ
          VS US
```

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Estate of Gerardo Valentinez and Skye Valentinez

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Eugene G. Iredale; 105 West F Street, 4th Fl.; (619) 233-1525

## DEFENDANTS
United States of America and DOES 1-20, inclusive

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
U.S. Attorney's Office

FILED
08 APR 29 PM 3:59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'08 CV 0781 BEN WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fourth and Fourteenth Amendments

Brief description of cause:
Deprivation of 4th & 14th Amendment rights to be free from excessive force, deprivation of due process

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/29/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 150345  AMOUNT $350 —  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
PB 04/29/08