```
 1  KAREN P. HEWITT
    United States Attorney
 2  RICHARD TOLLES
    Assistant U.S. Attorney
 3  California State Bar No. 078948
    U.S. Attorney's Office
 4  Federal Office Building
    880 Front Street, Room 6293
 5  San Diego, California 92101-8893
    Telephone:  (619) 557-7479
 6
    Attorneys for United States of America
 7
                     UNITED STATES DISTRICT COURT
 8
                    SOUTHERN DISTRICT OF CALIFORNIA
 9
    ESTATE OF GERARDO VALENTINEZ, )   Case No. 08CV0781BEN(WMc)
10  et al.,                       )
                                  )
11              Plaintiffs,       )
                                  )   UNITED STATES OF AMERICA'S
12      v.                        )   ANSWER TO COMPLAINT
                                  )
13  UNITED STATES OF AMERICA,     )
    et al.,                       )
14                                )
                Defendants.       )
15  _____)
```

16    COMES NOW Defendant United States of America, by and through its

17 attorneys, Karen P. Hewitt, United States Attorney, and Richard

18 Tolles, Assistant U.S. Attorney, and in answer to Plaintiffs'

19 complaint states as follows:

20    1.  Answering Paragraph 1 of the complaint, defendant alleges

21 that the allegations therein constitute plaintiffs' characterization

22 of their claim or legal conclusions to which no answer is required.

23 To the extent an answer is required said allegations are denied.

24    2.  Answering Paragraph 2 of the complaint, defendant alleges

25 that said paragraph contains legal conclusions and questions of law

26 to be determined solely by the Court, and to which no answer is

27 required.  To the extent an answer is required, defendant denies each,

28 all, and every allegation contained therein.

3.  Answering the allegations contained in paragraph 3 of the complaint, this paragraph contains conclusions of law to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant admits that plaintiffs' claims were timely and are deemed denied.

4.  Answering Paragraph 4 of the complaint, this paragraph contains conclusions of law to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant admits that plaintiffs' claims were timely and are deemed denied

5.  Answering Paragraph 5 of the complaint, defendant alleges that the allegations therein constitute plaintiffs' characterization of their claim or legal conclusions to which no answer is required. To the extent an answer is required said allegations are denied.

6.  Answering Paragraph 6 of the complaint, defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and based thereon denies, generally and specifically, each, all and every allegation contained therein.

7.  Answering the allegations contained in paragraph 7 of the complaint, defendant admits that the Department of Homeland Security is a federal department within defendant and that U.S. Customs and Border Protection, an agency within the Department of Homeland Security, conducts operations in San Diego, California.

8.  Answering the allegations contained in paragraph 8 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in this paragraph and, on the basis of such lack of information and belief,

denies each and every allegation in paragraph 8.  To the extent that plaintiff requests leave to amend plaintiffs' complaint, defendant objects to same.

   9.   Answering the allegations contained in paragraph 9 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required.  To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 9 of the Complaint.

   10.  Answering the allegations contained in paragraph 10 of the Complaint, defendant herein incorporates all of his previous responses to plaintiffs' paragraphs 1 through 9 of the Complaint.

   11.  Answering the allegations contained in paragraph 11 of the Complaint, defendant admits that on March 27, 2008, Gerardo Valentinez was detained by U.S. Customs and Border Protection at the San Ysidro Port of Entry.

   12.  Answering the allegations contained in paragraph 12 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 12 of the Complaint.

   13.  Answering the allegations contained in paragraph 13 of the Complaint, defendant admits that one officer got Gerardo Valentinez in a headlock from behind.  Defendant denies each and every remaining allegation in Paragraph 13 of the Complaint.

   14.  Answering the allegations contained in paragraph 14 of the Complaint, defendant denies that Gerardo Valentinez could not breath but admits that one officer heard him gag.

   15.  Answering the allegations contained in paragraph 15 of the Complaint, defendant denies said allegations except that it is

admitted that an officer used his boot in contact with the upper torso, including the neck area at one point, in the effort to prevent Gerardo Valentinez from injuring himself or others.

16. Answering the allegations contained in paragraph 16 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 16 of the Complaint.

17. Answering the allegations contained in paragraph 17 of the Complaint, defendant admits that an officer put his knee on Mr. Valentinez' head. Defendant denies that another agent placed her foot on Mr. Valentinez' neck and denies each and every remaining allegation of Paragraph 17.

18. Answering the allegations contained in paragraph 18 of the Complaint, defendant admits that at some point pressure point compliance was applied in the jaw area.

19. Answering the allegations contained in paragraph 19 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 19 of the Complaint.

20. Answering the allegations contained in paragraph 20 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 20 of the Complaint.

21. Answering the allegations contained in paragraph 21 of the Complaint, defendant admits that several U.S. Customs and Border Protection officers were involved in apprehending Gerardo Valentinez. Defendant denies, generally and specifically, each and every remaining allegation in paragraph 21 of the Complaint.

22. Answering the allegations contained in paragraph 22 of the Complaint, defendant admits that Gerardo Valentinez's wrists were handcuffed behind his back. Defendant denies, generally and

specifically, each and every remaining allegation in paragraph 22 of the Complaint.

23. Answering the allegations contained in paragraph 23 of the Complaint, defendant admits that a leash was used to restrain Gerardo Valentinez's ankles and was looped through a handcuff. Defendant denies that leg irons had already been applied.

24. Answering the allegations contained in paragraph 24 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 24 of the Complaint.

25. Answering the allegations contained in paragraph 25 of the Complaint, defendant admits that Gerardo Valentinez was placed on a Cushman vehicle. Defendant denies, generally and specifically, each and every remaining allegation in paragraph 25 of the Complaint.

26. Answering the allegations contained in paragraph 26 of the Complaint, defendant admits that CPR was not provided to Gerardo Valentinez while he was on the Cushman vehicle.

27. Answering the allegations contained in paragraph 27 of the Complaint, defendant admits that Gerardo Valentinez was transported to the security office at the San Ysidro port of entry on the Cushman vehicle.

28. Answering the allegations contained in paragraph 28 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 28 of the Complaint.

29. Answering the allegations contained in paragraph 29 of the Complaint, defendant admits that Gerardo Valentinez was carried into a detention cell. Defendant denies, generally and specifically, each and every remaining allegation in paragraph 29 of the Complaint.

30.     Answering the allegations contained in paragraph 30 of the Complaint, defendant admits that Gerardo Valentinez's ankle restraints were removed.

31.     Answering the allegations contained in paragraph 30 of the Complaint, defendant objects that this allegation is so general that no answer is required.  To the extent answer is required, defendant denies this allegation.

32.     Answering the allegations contained in paragraph 32 of the Complaint, defendant admits that Gerardo Valentinez was moved to a second detention cell.  Defendant denies, generally and specifically, each and every remaining allegation in paragraph 32 of the Complaint.

33.     Answering the allegations contained in paragraph 33 of the Complaint, defendant admits that one officer believed that Gerardo Valentinez's pupils had become fixed, that CPR was provided, and that 911 emergency services were called.  Defendant denies, generally and specifically, each and every remaining allegation in paragraph 33 of the Complaint.

34.     Answering the allegations contained in paragraph 34 of the Complaint, defendant admits that Gerardo Valentinez's autopsy report indicates that he sustained multiple blunt force injuries, including multiple abrasions to the face, scalp, and body.  Defendant otherwise denies the allegations of Paragraph 34 of the Complaint.

35.     Answering the allegations contained in paragraph 35 of the Complaint, defendant admits that Gerardo Valentinez was pronounced dead at some point, that Gerardo Valentinez's autopsy report indicates that the cause of death was neck compression and prone restraint, and that Gerardo Valentinez's autopsy report indicates that the manner of death was homicide.

36. Answering the allegations contained in paragraph 36 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in this paragraph and, on the basis of such lack of information and belief, denies each and every allegation in paragraph 36.

37-48. Answering the allegations contained in Paragraphs 37-48 of the Complaint, Defendant alleges that such allegations are not directed to this answering Defendant. To the extent an answer is required of this Defendant to those allegations, they are denied.

49. Answering the allegations contained in paragraph 49 of the Complaint, defendant herein incorporates all of his previous responses to plaintiffs' paragraphs 1 through 48 of the Complaint.

50. Answering the allegations contained in paragraph 50 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 50.

51. Answering the allegations contained in paragraph 51 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 51.

52. Answering the allegations contained in paragraph 52 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is

1  deemed necessary, defendant denies, generally and specifically, each
2  and every allegation in paragraph 52.

3    53.  Answering the allegations contained in paragraph 53 of the
4  Complaint, this paragraph contains conclusions of law and a
5  characterization of the nature of this action to which no answer is
6  required.  This paragraph also concerns plaintiff's prayer for relief,
7  and thus, no response is required.  To the extent that a response to
8  these allegations is deemed necessary, defendant denies, generally and
9  specifically, each and every allegation in paragraph 53.

10   54.  Answering the allegations contained in paragraph 54 of the
11  Complaint, defendant herein incorporates all of his previous responses
12  to plaintiffs' paragraphs 1 through 53 of the Complaint.

13   55.  Answering the allegations contained in paragraph 55 of the
14  Complaint, defendant denies, generally and specifically, each and
15  every allegation in paragraph 55 of the Complaint.

16   56.  Answering the allegations contained in paragraph 56 of the
17  Complaint, this paragraph contains conclusions of law and a
18  characterization of the nature of this action to which no answer is
19  required.  To the extent that a response to these allegations is
20  deemed necessary, defendant denies, generally and specifically, each
21  and every allegation in paragraph 56.

22   57.  Answering the allegations contained in paragraph 57 of the
23  Complaint, defendant is without knowledge or information sufficient
24  to form a belief as to the truth of the factual allegations in this
25  paragraph and, on the basis of such lack of information and belief,
26  denies each and every allegation in paragraph 57.

27   58.  Answering the allegations contained in paragraph 58 of the
28  Complaint, this paragraph contains conclusions of law and a

characterization of the nature of this action to which no answer is required.  This paragraph also concerns plaintiff's prayer for relief, and thus, no response is required.  To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 58.

59. Answering the allegations contained in paragraph 59 of the Complaint, defendant herein incorporates all of his previous responses to plaintiffs' paragraphs 1 through 58 of the Complaint.

60. Answering the allegations contained in paragraph 60 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 60 of the Complaint.

61. Answering the allegations contained in paragraph 61 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 61 of the Complaint.

62. Answering the allegations contained in paragraph 62 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 62 of the Complaint.

63. Answering the allegations contained in paragraph 63 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required.  To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 63.

64. Answering the allegations contained in paragraph 64 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 64 of the Complaint.

65. Answering the allegations contained in paragraph 65 of the Complaint, defendant denies, generally and specifically, each and every allegation in paragraph 65 of the Complaint.

66. Answering the allegations contained in paragraph 66 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. This paragraph also concerns plaintiff's prayer for relief, and thus, no response is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 66.

67. Answering the allegations contained in paragraph 67 of the Complaint, defendant herein incorporates all of his previous responses to plaintiffs' paragraphs 1 through 66 of the Complaint.

68. Answering the allegations contained in paragraph 68 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 68.

69. Answering the allegations contained in paragraph 69 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 69.

70. Answering the allegations contained in paragraph 70 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is

required. This paragraph also concerns plaintiff's prayer for relief, and thus, no response is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 70.

71. Answering the allegations contained in paragraph 71 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. This paragraph also concerns plaintiff's prayer for relief, and thus, no response is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 71.

72. Answering the allegations contained in paragraph 72 of the Complaint, defendant herein incorporates all of his previous responses to plaintiffs' paragraphs 1 through 71 of the Complaint.

73. Answering the allegations contained in paragraph 73 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 73.

74. Answering the allegations contained in paragraph 74 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 74.

75. Answering the allegations contained in paragraph 75 of the Complaint, this paragraph contains conclusions of law and a

1  characterization of the nature of this action to which no answer is
2  required. This paragraph also concerns plaintiff's prayer for relief,
3  and thus, no response is required. To the extent that a response to
4  these allegations is deemed necessary, defendant denies, generally and
5  specifically, each and every allegation in paragraph 75.
6      76. Answering the allegations contained in paragraph 76 of the
7  Complaint, defendant herein incorporates all of his previous responses
8  to plaintiffs' paragraphs 1 through 75 of the Complaint.
9      77. Answering the allegations contained in paragraph 77 of the
10 Complaint, this paragraph contains conclusions of law and a
11 characterization of the nature of this action to which no answer is
12 required. To the extent that a response to these allegations is
13 deemed necessary, defendant denies, generally and specifically, each
14 and every allegation in paragraph 77.
15     78. Answering the allegations contained in paragraph 78 of the
16 Complaint, this paragraph contains conclusions of law and a
17 characterization of the nature of this action to which no answer is
18 required. To the extent that a response to these allegations is
19 deemed necessary, defendant denies, generally and specifically, each
20 and every allegation in paragraph 79.
21     79. Answering the allegations contained in paragraph 79 of the
22 Complaint, this paragraph contains conclusions of law and a
23 characterization of the nature of this action to which no answer is
24 required. This paragraph also concerns plaintiff's prayer for relief,
25 and thus, no response is required. To the extent that a response to
26 these allegations is deemed necessary, defendant denies, generally and
27 specifically, each and every allegation in paragraph 79.
28

80. Answering the allegations contained in paragraph 80 of the Complaint, defendant herein incorporates all of his previous responses to plaintiffs' paragraphs 1 through 79 of the Complaint.

81. Answering the allegations contained in paragraph 81 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 81.

82. Answering the allegations contained in paragraph 82 of the Complaint, this paragraph contains conclusions of law and a characterization of the nature of this action to which no answer is required. To the extent that a response to these allegations is deemed necessary, defendant denies, generally and specifically, each and every allegation in paragraph 82.

The remainder of the Complaint is plaintiffs' prayer for relief, and thus, no response is required. To the extent that any response is required, defendant denies each and every remaining allegation of the Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendant United States of America alleges as follows:

1. The Court lacks jurisdiction over the subject matter of this action.

2. The complaint fails to state a claim upon which relief can be granted to the plaintiffs against defendant United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, as

averred in the complaint or otherwise, for the reason that if defendant were a private person, it would not be liable to plaintiffs in accordance with the law of the State of California.

3. The United States has not waived its sovereign immunity to damages suits alleging constitutional violations, and the United States may not be held liable based upon such allegations.

4. Plaintiffs' Third Cause of Action fails to state a claim against the United States because it is based on alleged constitutional violations.

5. Plaintiffs' Fourth Cause of Action fails to state a claim for wrongful death because the facts alleged do not suggest that defendant's employees acted wrongfully.

6. Plaintiffs' Fifth Cause of Action fails to state a claim against the United States because it is based on alleged constitutional violations and/or standards for municipal liability that do not apply to the United States.

7. Plaintiffs' Sixth Cause of Action fails to state a claim for assault and battery because the acts alleged were privileged since performed in self-defense and defense of others.

8. Plaintiffs' Seventh Cause of Action fails to state a claim for intentional infliction of emotional distress.

9. Plaintiffs' Eighth Cause of Action fails to state a claim for negligence because the force used was appropriate under the circumstances alleged.

10. Plaintiffs' Ninth Cause of Action fails to state a claim for negligent infliction of emotional distress because the elements required by <u>Thing v. La Chusa</u>, 48 Cal. 3d 644 (1980) are not alleged.

11. Plaintiffs' survival action fails to state a claim under Cal. Code. Civ. P. § 377.34 in that no damages recoverable under that statute are alleged.

12. Plaintiffs' decedent had knowledge of and voluntarily assumed the risk of all that transpired.

13. Any injury or injuries sustained by plaintiffs were caused in whole or in part by and through the carelessness and negligence of plaintiffs' decedent.

14. Plaintiffs' decedent was subject to lawful Customs inspection by defendant's employees at the San Ysidro Port of Entry.

15. Plaintiffs' decedent unlawfully fled on foot from secondary inspection because he knew he was smuggling illegal aliens in his vehicle and/or because he was under the influence of illegal substances drugs and alcohol and/or because he wished to unlawfully renter Mexico.

16. Plaintiffs' decedent breached his duty to refrain from resisting the lawful directives of law enforcement officers.

17. Plaintiffs' decedent unlawfully resisted, by use of force, the efforts of defendant's employees to restrain and control him.

18. Plaintiffs' decedent unlawfully assaulted and battered defendant's employees.

19. Plaintiffs' decedent caused the harm complained of intentionally or recklessly because he was under the influence illegal substances and alcohol and/or because he simply wish to physically injure the law enforcement officers who were attempting to restrain him.

20. Plaintiffs cannot recover for wrongful death because the acts of defendant's employees were lawful, privileged and justified.

21. The use of force by defendants employees was privileged because the unlawful acts of plaintiffs' decedent put them in fear of death or serious bodily harm.

22. As law enforcement officers, defendant's employees were entitled to use such force as was reasonably necessary to apprehend plaintiffs' decedent and to defend themselves from physical attack.

23. The seizure of plaintiffs' decedent and the use of force alleged in the complaint were made/used under exigent circumstances.

24. The acts or omissions of others, which were the sole proximate causes of any injury, damage, or loss to the plaintiffs, superseded any act or omissions of defendant.

25. The injuries and damages alleged by plaintiffs were not proximately caused by a negligent or wrongful act or omission on the part of any employee or agent of the United States of America.

26. The liability of defendant, if any, and responsible parties, named or unnamed, if any, should be apportioned according to their respective degrees of fault, and any liability should be reduced accordingly.

27. Defendant asserts, as an affirmative defense, California Civil Code, § 1431.2(a), which provides:

> In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

28. Plaintiffs' recovery, if any, is limited to the amount of the claim the plaintiffs presented administratively. See 28 U.S.C. § 2675(b).

29. Plaintiffs have alleged only speculative future damages that do not constitute compensable damages.

30. All future damages, if any, must be reduced to present value.

31. Income taxes must be deducted from the alleged past and future lost earnings, if any.

32. In the event defendant is found liable, which defendant expressly denies, defendant is entitled to an offset against damages, if any, for all amounts received by plaintiffs from the United States of America and its agencies, and also from all collateral sources, by reason of plaintiffs' alleged injuries.

33. Plaintiffs are not entitled to general or punitive damages from defendant United States.

34. Plaintiff is not entitled to prejudgment interest from defendant United States.

35. The complaint fails to state a claim for injunctive or declaratory relief.

36. Plaintiffs are not entitled to a jury trial against the United States. 28 U.S.C. § 2402.

WHEREFORE, defendant, having fully answered plaintiffs' complaint filed herein, prays that plaintiffs take nothing by reason of their suit herein, that judgment be rendered in favor of defendant, for

costs of suit herein incurred, and for such other and further relief as this Court may deem proper.

DATED: July 29, 2008

                                  Respectfully submitted,

                                  KAREN P. HEWITT
                                  United States Attorney

                                  S/

                                  RICHARD TOLLES
                                  Assistant U.S. Attorney
                                  Attorneys for Defendant
                                  United States of America